T.C. Summary Opinion 2012-42

UNITED STATES TAX COURT

BRUCE DEVON RUNYAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11747-11S.                    Filed May 7, 2012.

Bruce Devon Runyan, pro se.

Tamara L. Kotzker, for respondent.

SUMMARY OPINION

COHEN, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant

to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. All section references are to the Internal Revenue Code.

Respondent determined a deficiency of $8,000 in petitioner's Federal income tax for 2009. The issue for decision is whether petitioner is entitled to a section 36(a) first-time homebuyer credit in relation to a residence he acquired from a trust of which he was a beneficiary.

## Background

All of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference.

Petitioner is one of four beneficiaries of the J.E. Runyan Family Trust (trust) pursuant to a trust agreement dated October 27, 1993. The trust has been irrevocable as to petitioner's interest since the death of his father. Petitioner's mother, Kathleen P. Runyan, is the surviving settlor and trustee of the trust.

On November 9, 2009, petitioner acquired a residence in Santa Fe, New Mexico, from the trust. Petitioner was a first-time homebuyer, as defined in section 36(c)(1), and used the residence as his principal residence, within the meaning of section 36(c)(2), after the purchase and at the time the petition was filed.

On his Federal income tax return for 2009, petitioner claimed an $8,000 credit pursuant to section 36 for the purchase of the Santa Fe residence. Respondent disallowed the credit in the notice of deficiency on which this case is based.

Discussion

Section 36(a), as of the time that petitioner acquired his residence, allowed a credit not to exceed $8,000 to a first-time homebuyer for the purchase of a principal residence. Respondent agrees that petitioner was a first-time homebuyer and used the acquired residence as his principal residence.

The parties dispute the applicability of section 36(c)(3)(A)(i), which provides in material part:

> (A) In general.--The term "purchase" means any acquisition, but only if--
>
>> (i) the property is not acquired from a person related to the person acquiring such property * * *

Section 36(c)(5) incorporates into the definition of "related persons" section 267, dealing with disallowance of certain losses. Section 267(b)(6) specifies that no deduction is allowable in respect of any loss from certain sales or exchanges

between a fiduciary of a trust and a beneficiary of such trust.  As a result of these sections,  petitioner's acquisition of his residence does not qualify as a purchase for purposes of the section 36(a) credit.

Petitioner notes that the "seller" in the transaction was shown on the documents as the trust, and the title company's lawyers handling the transaction urged him to complete the transaction in order to qualify for the credit.  He also suggests that an Internal Revenue Service employee agreed with him that section 267(b)(6) is ambiguous and might mean that the fiduciary and the beneficiary have to be the same person for the transaction to be disqualified.  Neither argument is relevant or, in any event, persuasive.

Section 267(a)(1) expressly disallows losses "between persons specified in any of the paragraphs of subsection (b)", which would mean losses <u>between</u> the fiduciary of a trust and the beneficiary of that trust, necessarily disallowing losses between separate <u>persons</u> in the described capacities.  Its scope is not reasonably interpreted as limited to one person acting in two capacities.  Petitioner's acquisition of a residence from the trust does not entitle him to the credit.

<u>Decision will be entered</u>

<u>for respondent</u>.